UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MATTHEW HARRISON
Plaintiff,

v. Case No.: 6:26-cv-2319

VOLUSIA COUNTY
Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MATTHEW HARRISON, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, VOLUSIA COUNTY ("Defendant") and states as follows:

## I. INTRODUCTION

1. This is an action by the Plaintiff against his employer for FLSA Retaliation, liquidated damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

**Parties, Jurisdiction, and Venue**

2. Plaintiff, MATTHEW HARRISON, is a resident of Volusia County, Florida.

3. Plaintiff has been employed by VOLUSIA COUNTY Division Of Corrections for over 26 years and holds the rank of Senior Officer.

4. That at all times material hereto, Defendant was the employer of the Plaintiff, was conducting business in this judicial district, and whether 'employers'

or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or her employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

5. Defendant, VOLUSIA COUNTY is a duly formed County of the State of Florida.

6. Defendant is funded through public resources.

7. At all times relevant to this action, Defendant was the operator of VOLUSIA COUNTY and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of VOLUSIA COUNTY is/was an employer as defined by 29 U.S.C. §201, et seq.

8. Venue is proper within the Middle District of Florida because at least one Defendant resides in the district.

9. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

10. There is no question that the Defendant retaliated against the Plaintiff for testifying at an FLSA collective bargaining hearing.

11. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay said firm a reasonable fee for its services.

**COUNT I – FLSA RETALIATION**

12. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11.

13. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

14. At all times material hereto, Plaintiff, was the employee of VOLUSIA COUNTY, Division of Corrections as the term "employee" is defined by 29 U.S.C. § 203(e).

15. Plaintiff is the President of the Volusia County Corrections Association, Local 6034.

*16.* On September 9, 2026, Plaintiff appeared to testify in the Arbitration hearing Case #260316-04551, *Jeremy Botelho v. Volusia County Division of Corrections.*

*17.* The issue of the Arbitration hearing was unpaid wages and unpaid overtime pay for Officer Botelho.

18. Plaintiff was required to attend the Arbitration to testify.

19. During the Arbitration, the witnesses were not sequestered.

20. Plaintiff was called as a witness for Officer Botelho.

21. The hearing location was the HR conference room at the Deland Historical Courthouse.

22. Plaintiff was on work duty for the Defendant at the time of the Arbitration hearing; however, he did not get paid for testifying at the hearing.

23. On September 9, 2026, Plaintiff suffered an adverse employment action when his wages for the hours that he was present at the Arbitration hearing were withheld by his employer.

24. Indeed, Plaintiff was told, expressly, that he was not going to be paid for his time during the Arbitration hearing because the County was not going to pay anyone that testified against them.

25. VOLUSIA COUNTY also called witnesses to testify on its behalf.

26. All employees/witnesses in attendance at Arbitration that testified favorably for the Defendant were paid for their time while attending Arbitration.

27. Defendant's conduct of withholding only Plaintiff's pay and is considered an adverse employment action pursuant to the FLSA.

28. The stated reason for not paying Plaintiff's wages was because the Defendant stated: "We are not going to pay you to testify against us."

29. Plaintiff was not paid five (5) hours and 45 minutes as a result of testifying on behalf of Officer Botelho.

30. Plaintiff has suffered and continues to suffer mental anguish and emotional distress, damage to his financial welfare, damage to his reputation and undermines his capacity as President of the Union.

31. The Defendant's punishment of the Plaintiff was directly and undisputedly in retaliation for his participation in the Arbitration hearing where Officer's overtime rights were being addressed.

32. The Defendant, VOLUSIA COUNTY's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

33. Under the FLSA, Plaintiff is entitled to recover all his attorney fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

A. An award of back pay, and liquidated damages;

B. Compensatory damages including mental anguish;

C. All other legal or equitable relief as may be appropriate to effectuate the purposes of the act and all other damages to which Plaintiff may be entitled; and

D. An award of reasonable attorney's fees and all costs incurred herein.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues herein triable by jury.

Submitted this 6th day of October 2026.

ARCADIER, BIGGIE & WOOD, PLLC.

*/s/ Maurice Arcadier, Esquire*
Maurice Arcadier, Esquire
Florida Bar No. 0131180
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@ABWlegal.com
Secondary Email: arcadier@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075
LEAD COUNSEL